[Cite as *State v. Geran*, 2019-Ohio-3421.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-01-016 |
| - vs - | : | O P I N I O N<br>8/26/2019 |
| | : | |
| JAMES E. GERAN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-06-1093

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1} Appellant, James Geran, appeals his sentence by the Butler County Court of Common Pleas after pleading guilty to aggravated murder and murder, as well as accompanying firearm specifications.

{¶ 2} Geran murdered his first victim, Megan Motter, by shooting her in the head. During the police investigation into Motter's murder, Geran went to the apartment of his

girlfriend's mother, Sharon McCleary. At the time, Sharon, Geran's girlfriend, and Sharon's other daughter were inside. Sharon was blind and essentially incapacitated due to health problems.

{¶ 3} When police arrived at the apartment looking for Geran, he began shooting at police and held the three women hostage. During the standoff, Geran released his girlfriend and her sister escaped. However, Geran shot Sharon in the face and killed her. Geran then attempted suicide by shooting himself.

{¶ 4} Geran was indicted on several counts related to the murders and police standoff. Geran eventually pled guilty to aggravated murder, murder, and accompanying firearm specifications. The trial court sentenced Geran to life without the possibility of parole and the consecutive three-year required sentence for the accompanying firearm specification. The trial court sentenced Geran to 15 years to life for the murder charge and a three-year mandatory sentence for the accompanying firearm specification.

{¶ 5} Geran now appeals his sentence, arguing that the trial court erred in sentencing him without first considering the statutory factors stated in R.C. 2929.11 and R.C. 2929.12 as a sentencing court is required to do. However, we lack jurisdiction to review Geran's sentence.

{¶ 6} According to R.C. 2953.08(D)(3), "a sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." R.C. 2929.02 to 2929.06 specifically set forth the sentences for murder and aggravated murder, the two crimes for which Geran was convicted.

{¶ 7} The right to appellate review is conferred by statute, not by constitution. *State v. Grevious*, 12th Dist. Butler No. CA2018-05-093, 2019-Ohio-1932. Given that there is no statutory right to review sentences for aggravated murder and murder pursuant to R.C.

2953.08(D)(3), this court lacks jurisdiction to consider Geran's arguments and his appeal is hereby dismissed.

RINGLAND, P.J., and M. POWELL, J., concur.